IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **DEIRDRE L. HARRIS** | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. |
| | § | |
| **COMPASS BANK** | § | Jury Demanded |
| Defendant. | § | |

**PLAINTIFF DEIRDRE L. HARRIS' ORIGINAL COMPLAINT
AND JURY DEMAND**

**TO THE HONORABLE JUDGE OF SAID COURT:**

   **NOW COMES** Plaintiff, DEIRDRE L. HARRIS, complaining of and about Defendant, COMPASS BANK, and for cause of action shows unto the Court the following:

**PARTIES AND SERVICE**

   1.   Plaintiff, Deirdre L. Harris (Harris), is a citizen of the United States and the State of Texas and resides in Montgomery County, Texas.

   2.   Defendant, Compass Bank (Compass), is foreign financial institution, organized under the laws of the State of Alabama.  Compass may be served with citation and summons by serving its registered agent for service of process, CT Corporation System, 350 North St. Paul Street, Suite 2900, Dallas, Texas 75201-4234, USA.

## JURISDICTION

3. The action arises under a federal question as hereinafter more fully appears.

## NATURE OF THE ACTION

4. This is an action under TITLE VII of the CIVIL RIGHTS ACT of 1964 as amended by the CIVIL RIGHTS ACT of 1991, 42 U.S.C. §2000e *et. seq.* to correct unlawful employment practices on the basis of race and retaliation.

5. This is also an action under 42 U.S.C. §1981 as amended by the CIVIL RIGHTS ACT of 1991 to correct unlawful employment practices on the basis of race; and, 42 U.S.C. §1983 (the Civil Rights Act of 1871) as amended to correct unlawful employment practices on the basis of race and to correct Constitutional violations of due process and retaliation for the exercise of free speech.

## VENUE

6. Venue is proper in this district under 28 U.S.C. §1391(b)(2) and 42 U.S.C. §2000e-5(f)(3) because the alleged unlawful employment practices were committed in this district in Houston, Texas.

## CONDITIONS PRECEDENT
## EXHAUSTION OF ADMINISTRATIVE PROCEDURES

7. All conditions precedent to jurisdiction have occurred or been complied with: a charge of discrimination was timely filed with the Equal Employment Opportunity Commission (EEOC) within three-hundred days of the acts complained of herein. A Notice of Right to Sue was issued by the EEOC on March 10, 2010. Harris' Original Complaint is filed within ninety days of Plaintiff's receipt of the EEOC's issuance of the Right to Sue letter which is attached as *Exhibit A*.

## FACTS

8. Plaintiff Harris is an employee within the meaning of TITLE VII of the CIVIL RIGHTS ACT of 1964 as amended and belongs to a class protected under the statute, namely she is black. Harris exercised her federally protected rights when she complained of racial discrimination against her, and, for doing so, also belongs to a class protected from retaliation under TITLE VII of the CIVIL RIGHTS ACT of 1964 as amended.

9. Defendant Compass, was at all relevant times, Harris' employer under the meaning of TITLE VII of the CIVIL RIGHTS ACT of 1964 as amended.

10. Harris was employed as an Employee Benefits CSR III in the Houston, Texas office of Compass Bankshares, Inc./BBVA Compass Consulting & Benefits.

11. Harris was the only Black employee on her team at Compass.

12. Around September 26, 2008, Harris' White Supervisor at Compass, Warren Kolb, began subjecting Harris to terms and conditions of employment different to those which employees not in Harris' protected class were subjected.

13. Shortly after Hurricane Ike, Harris was late to work and was reprimanded for being late. Yet most employees reporting to Kolb were late one time or another during this period as the Hurricane caused as lots of traffic problems and everyone had trouble getting to work.

14. Harris complained to HR about the unequal treatment and was instructed to express her concerns directly to Kolb, which she did.

15. After she complained directly to Kolb, Kolb began retaliating against Harris in the workplace and began opening treating her differently that he did the employees who were not in Harris' protected class. Kolb would scream at Harris instead of speaking to her in a professional tone of voice.

16. About May 4, 2009, Kolb gave Harris a "Formal Written Counseling" complaining of performance issues which were common office practices, although no employees not in Harris' protected class were written up for the same conduct.

17. Harris again complained to HR about the racially discriminatory conduct of her supervisor, Warren Kolb in giving her the May 4, 2009 write-up, and again, nothing was done in response to her complaints.

18. Instead of addressing the discrimination problem, on November 3, 2009, Harris was told that Kolb did not want her working in the office and she was offered a transfer to a lessor job, a severance package to quit, or to remain employed under the current [discriminatory] conditions.

19. Harris chose to remain employed, but on November 30, 2009 she was placed on written probation, again for bogus reasons.   Although the probation letter was signed by Steve Toomey, it was obviously written by Warren Kolb.

20. On December 4, 2009, Harris filed a written response to the probation and was to be given a revised probation letter and 60 days to" improve."

21. On December 14, 2009, Harris was terminated for failing to "answer the phone on a timely basis," even though that she was not solely responsible for that activity.

### COUNT I - TITLE VII - DISPARATE TREATMENT

22. The preceding paragraphs 1 through 21 are hereby incorporated by reference.

23. Harris is black and a member of a protected class of individuals because of her race.

24. Harris was qualified for her position as Employee Benefits CSR III.

25. Harris was subjected to different terms and conditions of employment because of her race.

26. Compass intentionally discriminated against Harris because of her race in violation of TITLE VII as amended , 42 U.S.C. SECTION 2000e *et seq*.

### COUNT II - TITLE VII -  RETALIATION

27. The preceding paragraphs 1 through 26 are hereby incorporated by reference.

28. Harris exercised her federally protected rights and engaged in protected activities when she complained to Compass management and HR of racial discrimination.

29. After her complaints of racial discrimination, Harris was retaliated against by Kolb and his boss Steve Toomey and terminated in retaliation for her complaints.

30. By Compass' acts of retaliation after Harris exercised her federally protected rights to complain to her Compass supervisors and Compass HR, Compass exhibited conduct that any reasonable individual in Harris' position would have found materially adverse.

31. Causal links and a close temporal proximity existed between Harris' protected activities and Compass' subsequent acts of retaliation.

32. Compass' retaliatory conduct is in violation of TITLE VII as amended, 42 U.S.C. SECTION 2000E (3)(a).

### COUNT III - 42 U.S.C. §1981 COMPLAINT

33. The preceding paragraphs 1 through 32 are hereby incorporated by reference.

34. Harris is black and a member of a protected class because of her African American race.

35. Compass and Kolb intentionally discriminated against Harris on the basis of race.

36. The right to make and enforce contracts is one of the four enumerated activities of the 42 U.S.C. §1981 statute which protects individuals from racial discrimination.

37. Compass and Kolb discriminated against Harris by taking materially adverse employment action against Harris and denied her the right to make and enforce contracts including the right to the performance of a contract and the enjoyment of all the benefits of the contractual relationship under 42 U.S.C. §1981 in violation of 42 U.S.C. §1983, because of her race.

## RESPONDEAT SUPERIOR AND VICARIOUS LIABILITY

38. Whenever in this complaint it is alleged that the Defendant did any act or thing, it is meant that the Defendant's officers, agents, servants, employees or representatives did such act and/or that at that time such act was done, it was done with the full authorization or ratification of Defendant or was done in the normal and routine course and scope of employment of Defendant's officers, agents, servants, employees, or representatives.

39. Defendant is vicariously liable for the conduct of their employees.

## DAMAGES

40. Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendant described herein above:

   a. All reasonable and necessary Attorney's fees and litigation costs incurred by or on behalf of Plaintiff;

   b. Back pay and interest on the back pay in an amount to compensate Plaintiff as the Court deems equitable and just;

   c. All reasonable and necessary costs incurred in pursuit of this suit;

   d. Emotional pain;

   e. Expert fees as the Court deems appropriate;

   f. Front pay in an amount the Court deems equitable and just to make Plaintiff whole;

   g. Inconvenience;

   h. Interest;

   i. Loss of enjoyment of life;

j. Mental anguish in the past;

k. Mental anguish in the future;

l. Loss of earnings in the past;

m. Loss of earning capacity which will, in all probability, be incurred in the future;

o. Liquidated damages; and

p. Loss of benefits.

## EXEMPLARY DAMAGES

41. Plaintiff would further show that the acts and omissions of Defendant complained of herein were committed with malice or reckless indifference to the protected rights of the Plaintiff. In order to punish said Defendant for engaging in unlawful business practices and to deter such actions and/or omissions in the future, Plaintiff also seeks recovery from Defendant for exemplary damages.

## ATTORNEY FEES AND COSTS

42. Plaintiff is entitled to an award of attorney fees and costs under Title VII, 42 U.S.C. §2000e-5(k).

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, DEIRDRE L. HARRIS, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; exemplary damages, together with interest as allowed by law; attorneys fees and costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

By: /s/ *Jo Miller*
JO MILLER
Attorney-in-Charge
Texas Bar No. 00791268
Southern District Bar No: 20385
505 North Main
Conroe, Texas 77301
Tel. (936) 539-4400
Fax: (936) 539-4409
jmiller@jomillerlaw.com
Attorney for Plaintiff
Deirdre L. Harris

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**